# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50455-3-II |
| Respondent, | |
| v. | |
| JOHN ARTHUR PETERSON, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — John A. Peterson appeals his conviction for conducting the business of selling cigarettes without a license. He contends evidentiary error warrants reversal of his conviction. We affirm.

## FACTS

Robert Raveica, a Washington State Liquor and Cannabis Board enforcement officer, was searching Craigslist advertisements for offers to sell cigarettes. Raveica came across an advertisement offering to sell four cartons of cigarettes. The cigarettes did not have a Washington tax stamp; rather, they had stickers with European language on them. Raveica contacted the seller without identifying himself as an enforcement officer. The two exchanged text messages, and they arranged a time and place to purchase the cigarettes.

Upon arriving at the agreed upon address, Raveica observed a man, later identified as Peterson, walking up the street with a backpack. Raveica identified himself as the buyer to Peterson.

Peterson unzipped his backpack and produced the cigarettes. Raveica gave Peterson money for the cigarettes. After the transaction was complete, Raveica identified himself as an enforcement officer. Peterson "apologize[d]" and told Raveica that he "did not know it was illegal." Verbatim Report of Proceedings (VRP) (May 16, 2017) at 167.

The State charged Peterson with conducting the business of selling cigarettes without a license contrary to RCW 82.24.500. Before trial, Peterson objected to the State introducing a printout of the text messages allegedly between Peterson and Raveica to arrange the sale. Peterson argued that the messages were inadmissible hearsay and lacked foundation. The trial court denied the motion to exclude the evidence, stating that the legal standard was whether the State could "make a prima facie case that" the texts were "attributable to the defendant." VRP (May 16, 2017) at 93. The court then declared, "I think the evidence rises to that level, so I'm not going to exclude it." *Id.*

Peterson also objected to Raveica testifying about the contents of the Craigslist advertisement as inadmissible hearsay because the State did not offer the actual advertisement. Peterson further argued that testimony about the advertisement would not be the best evidence. The trial court allowed the testimony, stating "I don't think it's hearsay. I am going to let it in." VRP (May 16, 2017) at 87.

Peterson testified in his defense. He testified that he listed the cigarettes for sale on Craigslist. He further testified that Raveica contacted him, and they arranged to meet so Raveica could purchase the cigarettes. Peterson admitted he did not have a license to sell cigarettes. As a defense, he argued that he did not know it was illegal to sell the cigarettes.

The jury found Peterson guilty as charged. Peterson appeals.

No. 50455-3-II

ARGUMENT

Peterson argues his conviction should be reversed because the Craigslist advertisement is inadmissible hearsay and violates the best evidence rule. He also argues the printout of the text messages is inadmissible hearsay. We disagree.

A. LEGAL PRINCIPLES

We review a trial court's evidentiary rulings for an abuse of discretion. *State v. Grier*, 168 Wn. App. 635, 644, 278 P.3d 225 (2012). The trial court abuses its discretion when it exercises its discretion on untenable grounds or for untenable reasons. *Id.*

Because the evidentiary errors alleged by Peterson are not of constitutional magnitude, the nonconstitutional harmless error standard applies. *State v. Gunderson*, 181 Wn.2d 916, 926, 337 P.3d 1090 (2014). "This requires us to decide whether 'within reasonable probabilities, had the error not occurred, the outcome of the trial would have been materially affected.' " *Id* (internal quotation marks omitted) (quoting *State v. Smith*, 106 Wn.2d 772, 780, 725 P.2d 951 (1986)).

" 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." ER 801(c). Hearsay is not admissible except as otherwise provided by the rules of evidence. ER 802.

The best evidence rule requires that "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required." ER 1002. The original is not required, and other evidence is admissible, if "[t]he writing, recording, or photograph is not closely related to a controlling issue." ER 1004(d).

B.       NO REVERSIBLE ERROR

Here, there was no dispute over whether Peterson placed the Craigslist advertisement to sell the cigarettes or whether he communicated with Raveica to sell the cigarettes. The evidence went to explain how the officer and Peterson came into contact with each other. For this reason, evidence regarding the Craigslist advertisement and text messages did not go to prove the truth of the matter asserted and, thus, would not be hearsay.

Similarly, testimony regarding the Craigslist advertisement would not violate the best evidence rule because it is not closely related to a controlling issue. Peterson's defense was that he did not realize selling the cigarettes was illegal. Like the text messages, evidence of the Craigslist advertisement went to how Raveica and Peterson came into contact with one another. This was not a controlling issue.

Based on the above, the trial court had tenable grounds to allow testimony regarding the Craigslist advertisement and the printout of the text messages. Therefore, the trial court did not abuse its discretion in admitting this evidence.

Moreover, even assuming the trial court abused its discretion in its evidentiary rulings, any error was harmless. Peterson testified that he listed the cigarettes for sale on Craigslist. He further testified that Raveica contacted him, and they arranged a time and place to meet so Raveica could purchase the cigarettes. Peterson admitted he did not have a license to sell cigarettes. The fact that Peterson placed the advertisement on Craigslist, communicated with Raveica to purchase the cigarettes, and ultimately sold the cigarettes to Raveica without a license was uncontested. Thus, even if Raveica's testimony regarding the Craigslist advertisement and the printout of the text

4

messages was wrongly admitted, it did not materially affect the outcome of the trial. For this reason any error would be harmless. Accordingly, Peterson fails to establish reversible error.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Johanson, J.

Maxa, C.J.